**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

In re: 151 MILBANK, LLC            Chapter 11

Debtor.                            Case No.: 15-51485 (JAM)

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

## MOTION TO WITHDRAW PROOFS OF CLAIM

Pursuant to Rule 3006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Ulster Bank Ireland Limited ("Ulster") and National Asset Loan Management Ltd. ("NALM," and together with Ulster, the "Moving Parties") hereby move to withdraw Claim Numbers 5 and 6 (the "Claims"), respectively.

### RELEVANT FACTS

Although neither Ulster nor NALM are parties in this case, each are keenly interested in these proceedings. Ulster and NALM each have substantial claims against Sean Dunne, among other parties (for example, in 2012 Ulster obtained a judgment against Mr. Dunne from the Irish High Court in the amount of €164,586,493.05), and assert – among other things – that 151 Milbank LLC (the "Debtor") has been funded by the proceeds of fraudulent conveyances from Mr. Dunne, or the subsequent transfer of such proceeds. As a result, the Moving Parties believe that they have valid claims against this Debtor for the avoidance of fraudulent conveyances or for the recovery of such fraudulent conveyances from a subsequent transferee thereof. Out of an abundance of caution, the Moving Parties filed the Claims on February 16, 2016 to assert and protect these rights, among others.

As this Court is aware, however, Mr. Dunne initiated his own bankruptcy case, which is also pending before this Court (Case No. 13-50484 (JAM)) (the "Dunne Case"). The Chapter 7 Trustee in the Dunne Case (the "Trustee") has also asserted a claim against this Debtor, which claim essentially asserts the same rights and claims as do the Ulster and NALM Claims.

The Debtor filed an objection to each of the Claims (the "Objections") and served notices of deposition, requests for the production of documents, and written interrogatories (collectively, the "Discovery Requests") in connection with each.

Although the discovery sought in connection with the Objections is entirely unnecessary and is irrelevant to any cognizable legal issue, a pitched legal battle over these Claims, the Objections, the Discovery Requests and the Debtor's actions with respect thereto is unnecessary and wasteful. Notably, because the Moving Parties believe that all of the value in the Debtor's estate is properly allocable to their Claims, they also seek to avoid cost and expense to the estate.

As a result, Ulster and NALM seek leave to immediately withdraw the Claims.

## ARGUMENT

Bankruptcy Rule 3006 provides, in relevant part: "If after a creditor has filed a proof of claim an objection is filed thereto . . . the creditor may not withdraw the claim except on order of the court after a hearing on notice to the trustee or debtor in possession, and any creditors' committee elected pursuant to § 705(a) or appointed pursuant to § 1102 of the Code." Because the Debtor has filed the Objections to the Claims, Ulster and NALM must seek leave of the Court to withdraw the Claims pursuant to Bankruptcy Rule 3006.

In considering motions filed under Rule 3006, courts generally look to the standards that have been developed in the analogous context of the voluntary dismissal of actions under Rule 41(a) of the Federal Rules of Civil Procedure. *See In re 20/20 Sport, Inc.*, 200 B.R. 972, 979

2

(Bankr. S.D.N.Y. 1996) ("a motion for leave to withdraw a claim under Bankruptcy Rule 3006 is governed by FRCP 41(a) considerations"). In particular, courts consider the following factors in determining whether to allow a proof of claim to be withdrawn under Rule 3006:

> "the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990) (involving Rule 41(a)(2) motion for voluntary dismissal); *see also 20/20 Sport*, 200 B.R. at 979 (quoting *Zagano* as applying to Rule 3006 motion); *Chateaugay Corp.*, 165 B.R. at 132 (same). As with a Rule 41(a)(2) motion, a motion to withdraw a proof of claim is left to the court's discretion, which is "to be exercised with due regard to the legitimate interests of both [parties]." *20/20 Sport*, 200 B.R. at 979.

*In re Ogden New York Services, Inc.*, 312 B.R. 729, 732 (S.D.N.Y. 2004). One aspect of this analysis is whether allowing the claim to be withdrawn would cause the debtor to suffer any legal prejudice. "In general, withdrawal should be granted unless the party opposing the motion can demonstrate that it would be legally prejudiced by the withdrawal." *Id*.

Applying these standards to the instant case, it is clear that the Moving Parties should be allowed to withdraw their Claims. The Claims have been on file for less than two months, and the Debtor filed its Objections less than one month ago. Thus, there can be no question that the Moving Parties have been diligent in making this request to withdraw their Claims. Although merely protective in nature, the Claims have a colorable basis and were not filed for any vexatious purpose. The Moving Parties' reasons for seeking to withdraw their Claims – to preserve the Debtor's estate and avoid incurring unnecessary expenses and burdening the Court with needless motion practice – are both legitimate and prudent.

Finally, the Debtor will suffer no legal prejudice if the Court allows the Moving Parties to withdraw their Claims. The Debtor has taken no action or position in response to the filing of

the Claims that in any way affects its rights going forward. If the Court grants this motion, it will merely preserve the value of the estate.

## CLAIM HEARING

A hearing (the "Claim Hearing") on the Claims and Objections has been scheduled for April 13, 2016. Because the Moving Parties have hereby moved to withdraw the Claims, the Moving Parties request an adjournment of the Claim Hearing until this Motion can be considered by the Court.

## CONCLUSION

For the foregoing reasons, Ulster Bank Ireland Limited and National Asset Loan Management Ltd. respectfully request that the Court allow the withdrawal of Claim Numbers 5 and 6 and adjourn the hearing scheduled for April 13 on the claims, together with such other and further relief as the Court deems just and proper.

Dated: April 11, 2016                     ULSTER BANK IRELAND LIMITED

               By: /s/ Henry P. Baer, Jr.
                 Henry P. Baer, Jr.(ct27781)
                 Tony Miodonka (ct28262)
                 FINN DIXON & HERLING LLP
                 177 Broad Street
                 Stamford, CT  06901-2048
                 Tel.:  (203) 325-5000
                 Fax:  (203) 325-5001
                 Email: hbaer@fdh.com
                    tmiodonka@fdh.com


             NATIONAL ASSET LOAN
             MANAGEMENT LTD.


             By: /s/ Peter Antonelli
               Peter Antonelli (ct29509)
               CURRAN ANTONELLI, LLP
               260 Franklin Street
               Suite 530
               Boston, MA 02110
               Tel: (617) 207-8670
               Fax: (617) 850-8638
               Email: pantonelli@curranantonelli.com

## CERTIFICATION

      I hereby certify that on April 11, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

      /s/ Henry P. Baer, Jr.
Henry P. Baer, Jr. (ct27781)
FINN DIXON & HERLING LLP
177 Broad Street, 15th Floor
Stamford, CT  06901-2689
Tel: (203) 325-5000
Fax: (203) 325-5001
E-mail: hbaer@fdh.com