

# HINCKLEY ALLEN

20 Church Street
Hartford, CT 06103-1221

p: 860-725-6200  f: 860-278-3802
hinckleyallen.com

**William S. Fish, Jr.**
Phone: (860) 331-2700
wfish@hinckleyallen.com

April 29, 2016

Chief Judge Julie A. Manning
United States Bankruptcy Court
District of Connecticut
Connecticut Financial Center
157 Church Street, 18th Floor
New Haven, CT 06510

**Re:  Docket 15-51485 - Bankruptcy of 151 Milbank, LLC**

Dear Judge Manning:

As the Court is aware, we represent the Debtor in the above matter.

On February 5, 2016, the Court entered an Order granting the Debtor's Motion Pursuant to Bankruptcy Code Sections 362 and 264 and Rules 4001 and 9014 for Final Order Authorizing the Debtor to Obtain Post-Petition Financing, Modifying the Automatic Stay, Allowing the Debtor to Pay Prepetition Secured Claims and Granting Related Relief, ECF No. 188 (the "Financing Order").

Pursuant to the Financing Order, the Debtor closed on the $5,000,000 loan with Maxim Credit Group, LLC ("Maxim") and has requested advances and used those funds in strict compliance with the Financing Order to complete construction of the four unit condominium owned by the Debtor in Greenwich, Connecticut.

Pursuant to the Financing Order and as set forth in the Motion seeking the Financing Order, Mountbrook USA, LLC ("Mountbrook") is the general contractor performing the work on the construction project. Pursuant to the budget attached to the Financing Order (the "Budget"), Mountbrook is to be paid a fee for its post-petition work done on the project under the Budget in the amount of $96,553. All parties appearing at the hearing on the Financing Order consented to this amount, although, as noted on the Budget, the parties also reserved the right to object to any additional amounts payable to Mountbrook in excess of the $96,533 specifically set forth in the Budget.

▶ ALBANY  ▶ BOSTON  ▶ CONCORD  ▶ HARTFORD  ▶ NEW YORK  ▶ PROVIDENCE

HINCKLEY, ALLEN & SNYDER LLP, ATTORNEYS AT LAW

April 29, 2016
Page 2

     In connection with a recent requisition to pay Mountbrook a portion of the agreed upon amount due, Attorney Miltenberger, representing Richard Coan Trustee, stated his view that Mountbrook should not be paid absent notification to the Court. Specifically, Mr. Miltenberger stated in an email communication to Maxim and others that "[b]ased on the comments of Judge Manning a month or so ago, the court must be notified before a transfer of $72,000 + [a portion of the amount set forth in the Budget] is made to Mountbrook USA." Although the Debtor does not agree with Attorney Miltenberger, the Debtor is writing to notify the Court, as Attorney Miltenberger requested, that Maxim has authorized a payment to be made to Mountbrook as set forth in the Financing Order.

Respectfully yours,

William S. Fish, Jr.

WSF:jem

cc:    Timothy Miltenberger (via email)
        Dean Baker (via email)
        Holley Claiborn (via email)